IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CASE NO. 1:18CR173 |
| Plaintiff | : | JUDGE JOHN R. ADAMS |
| v. | : | |
| KEITH JEFFRIES | : | SENTENCING MEMORANDUM |
| Defendant. | : | |

Now comes the Defendant, Keith Jeffries, by and through counsel, W. Scott Ramsey, hereby files his Sentencing Memorandum. Mr. Jeffries respectfully requests this Honorable Court to consider a sentence sufficient, but not greater that necessary, to comply with the purposes of 18 U.S.C. sec. 3553. Mr. Jeffries is respectfully requesting this Honorable Court to consider his father figure, his history of substance abuse, and overstatement of his criminal history when imposing a reasonable sentence. Mr. Jeffries is respectfully requesting this Honorable Court recommend that he be permitted to participate in the Residential Drug Abuts Treatment Program ("RDAP") and receive credit for any time he has served.

This request is buttressed in the attached Memorandum in Support, incorporated herein by reference.

Respectfully Submitted,

__/s/ W. Scott Ramsey_____
W. Scott Ramsey (0070820)
Law Offices of Cleveland, Suite 2100
55 Public Square
Cleveland, Ohio 44113
(216)696-5520
fax (216)274-9610

Attorney for Defendant

CERTIFICATE OF SERVICE

I hereby certify that on this 22nd day of January, 2019, the foregoing was filed electronically. Notice of this filing will be sent to all parties via the Court's electronic filing system.

/s/ W. Scott Ramsey
W. Scott Ramsey
Attorney for Defendant

## MEMORANDUM IN SUPPORT

I. **BACKGROUND.**

On April 11, 2018, Keith Jeffries, was named in a 31 count indictment along with three co-defendants, Brian Peacock, Nicole Pugh and Lynette Coleman. Counts 1 through 12 specifically named Mr. Jeffries.

On September 18, 2018, Mr. Jeffries was convicted of count 1, conspiracy to defraud the United States in violation of 18, U.S.C. sec. 371; counts 3 through 8, and 10, which charged Mr. Jeffries with willfully aiding in the preparation of false and fraudulent tax returns in violation of 26 U.S.C. sec. 7706(2).

Mr. Jeffries suffers from severe Crohn's disease and his doctor, Emily Steinhagen, recommends surgery, stating that it "is imperative and medically necessary to treat his condition." (see attached Exhibit 1, letter from Dr. Steinhagen).

II. **THE SERIOUSNESS OF MR. JEFFRIES' CRIMINAL HISTORY IS OVER REPRESENTED.**

Mr. Jeffries criminal history category of III over represents the seriousness of his criminal history.

A sentencing judge is "entitled to rely on 'any...policy statement or commentary in the guidelines that might warrant consideration in imposing sentence.'" U.S.S.G. sec 1B1.1. Further, section 4A1.3 of the Federal Sentencing Guideline Manual states in pertinent part:

> (1) If reliable information indicates that the defendant's criminal history category substantially over-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes, a downward departure may be warranted.

Mr. Jeffries does not have the same type of extensive criminal history that someone traditionally with a criminal history III has. More specifically, as a result of prior criminal conduct, Mr. Jeffries has only been to jail once for 30 days as set forth in PSR para. 44. Further, Mr. Jeffries received a two point increase in his criminal history computation due the fact that he was on misdemeanor probation from

Willoughby Municipal Court as set forth in PSR para. 48. All of Mr. Jeffries conviction were misdemeanors as he has never been convicted of a felony.

Finally, this Honorable Court will note that all but one of Mr. Jeffries conviction were directly related to his addiction to marijuana, see PSI paras. 40 through 45, which is further indication that Mr. Jeffries would benefit from RDAP.

Mr. Jeffries respectfully requests this Honorable Court to consider the over representation of his criminal history when imposing a reasonable sentence pursuant to 18 U.S.C. sec. 3553.

### III. MR. JEFFRIES MEDICAL CONDITION WARRANTS DEPARTURE FROM THE GUIDELINES

The need to provide Mr. Jeffries with appropriate medical treatment should be greatly considered by this Honorable Court when imposing a reasonable sentence. A defendant's medical condition and treatment must be balanced against the statutory purposes of sentencing on a case-by-case basis. A form of punishment, such as imprisonment, could be fatal to those individuals with severe medical ailments or lead to great pain and suffering during their incarceration. Courts recognize that the Bureau of Prisons cannot always assure adequate treatment to an inmate. *See, e.g., United States v. Martin*, 363 F.3d 25 (1st Cir. 2004) (affirming downward departure where the Bureau of Prisons could not assure adequate treatment for the defendant's Crohn's disease); *United States v. Gee*, 226 F.3d 885, 902 (7th Cir. 2000) (holding that it was not an abuse of discretion to grant a downward departure under § 5H1.4 where the government's only evidence that the Bureau of Prisons would adequately treat the defendant's medical condition was merely a "form letter trumpeting the BOP's ability to handle medical conditions of all kinds"); *United States v. Rausch*, 570 F. Supp. 2d 1295, 1305 (D. Colo. 2008) (the district court downward departed from a guideline range of 97 to 120 months imprisonment to one day in prison and lifetime supervised release because the defendant had chronic medical conditions including the need for a kidney transplant). The purpose of sentencing under § 3553(a), includes the need to

"provide the defendant with needed . . . medical care . . . in the most effective manner." 18 U.S.C. § 3553(a)(2)(D).

IV. **CONCLUSION**

    Based on the foregoing, Mr. Jeffries respectfully requests this Honorable Court to give due consideration to all of his mitigating factors when imposing sentence.

                  Respectfully Submitted,

                  __/s/ W. Scott Ramsey_____
                  W. Scott Ramsey (0070820)
                  Law Offices of Cleveland, Suite 2100
                  55 Public Square
                  Cleveland, Ohio 44113
                  (216)696-5520
                  fax (216)274-9610

                  Attorney for Defendant