ADAMS, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| KEITH JEFFRIES, | ) | |
| | ) | CASE NO. 1:18CR173 |
| Petitioner, | ) | 1:21CV1388 |
| | ) | |
| v. | ) | |
| | ) | Judge John R. Adams |
| UNITED STATES OF AMERICA, | ) | |
| | ) | **ORDER** |
| Respondent. | ) | |
| | ) | |

Pending before the Court is Petitioner Keith Jeffries' Motion and to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, filed pursuant to 28 U.S.C. § 2255. Doc. 179. The motion is DENIED.[1]

"To prevail under 28 U.S.C. § 2255, a defendant must show a 'fundamental defect' in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Gall v. United States*, 21 F.3d 107, 109 (6th Cir. 1994). A federal district court may grant relief to a prisoner in custody only if the petitioner can "demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict." *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003).

Jeffries' contention is that his trial counsel was ineffective in multiple ways. Jeffries' burden to establish an ineffective assistance of counsel claim is two-fold. Under the standard set forth by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984),

---

[1] Jeffries has also sought to amend his petition (Doc. 201) and to expedite ruling on his motion (Doc. 205). As Jeffries moved to amend nearly a full year after his petition was filed, the motion (Doc. 201) is DENIED as untimely. His motion to expedite (Doc. 205) is DENIED AS MOOT based upon this order.

Jeffries must first show that counsel's performance was deficient. Pursuant to *Strickland*, "deficient" conduct is not simple error; counsel must have erred so "serious[ly] that counsel was not functioning as the 'counsel' guaranteed...by the Sixth Amendment." *Id*. at 687. When evaluating counsel's performance, a court is required to "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id*. at 689 (internal citation omitted).

If deficient conduct is identified, Jeffries must then demonstrate that counsel's deficient performance prejudiced his defense. *Id*. at 692. To demonstrate prejudice, it is not enough to show that the "errors had some conceivable effect on the outcome of the proceeding" as any "act or omission of counsel would meet this test." *Id*. at 693. Instead, a "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 693. In effect, counsel's performance must have "caused the defendant to lose where he would probably have won" by conduct "so manifestly ineffective that defeat was snatched from the hands of probable victory." *United States v. Morrow*, 977 F.2d 222, 229 (6th Cir. 1992) (emphasis omitted).

Jeffries first contends that his counsel failed to advise him in any manner prior to trial. Specifically, Jeffries contends that his counsel never explained the elements of the offenses he was charged with and never explained the sentence that Jeffries could receive if he chose to plead guilty rather than proceed to trial. Jeffries asserts that counsel barely met with him in person and that had he been fully informed of all the information above, he would have pled guilty directly to the indictment. Jeffries' contentions, however, are refuted by the record.

Prior to jury selection, the Court inquired about the status of any plea negotiations. The

Government and Jeffries' counsel responded as follows:

> [THE GOVERNMENT]: Your Honor, the government has not made a formal plea to the defendant at this time; however, the government sent the defendant a proposed guideline -- with his guidelines allocated. The government also talked to his attorney another time and talked about reducing the role on the guidelines and bringing those guidelines down by two levels, but the government was told that the defendant is not interested in taking a plea, so therefore, did not draft and get approved a plea agreement, Your Honor.
>
> THE COURT: Counsel for the defendant, is that correct?
>
> [DEFENSE]: Yes, it is, Your Honor. I have at length had conversations with my client and he is not interested in entering a plea at any time.

Doc. 164 at 3. Thus, directly contrary to Jeffries' contentions, his counsel represented to the Court that lengthy conversations occurred regarding a plea and the sentencing guidelines. Moreover, the Assistant United States Attorney expressly discussed the possible two-level reduction related to acceptance of responsibility. As such, Jeffries' contentions that he was never made aware of this information is directly refuted by the record.

The Court would further note that Jeffries' contentions that he would have pled guilty had he been properly counseled is also refuted by the record. The undersigned presided over each and every hearing in this matter. Throughout those hearings and trial, Jeffries insisted that he had not done anything unlawful. As such, the Court finds his self-serving contention that he would have pled guilty to be wholly unsupported by the record.

Jeffries also asserts that his counsel was unprepared for trial. In support, Jeffries highlights that his counsel indicated during his opening statement that Jeffries would testify on his own behalf. Jeffries also complains that counsel did not cross-examine the Government's witnesses in a vigorous fashion. However, Jeffries has failed in two aspects of this claim of ineffectiveness. First, he has failed to demonstrate what actions his counsel should have taken in

lieu of the actions that occurred. First, it appeared to all involved that Jeffries would be required to testify in this matter, so it came as no surprise that defense counsel offered such a statement during his opening remarks. However, as trial progressed, it became apparent that placing Jeffries under oath would present significant risks to the defense of the matter. As the choice of whether to testify falls well within the realm of trial strategy, the Court finds that it does not establish ineffectiveness of counsel.

Similarly, there is no basis to contend that counsel was ineffective in his manner of cross-examination. Instead, counsel consistently took the same approach with witnesses. By doing so, counsel sought to show the motivation of both the taxpayers and the co-conspirators to be dishonest in their testimony. While this strategy ultimately failed, it does not render counsel ineffective.

More importantly, Jeffries cannot demonstrate prejudice from any alleged deficiency during trial. The Government presented evidence of Jeffries' guilt through numerous taxpayers, two cooperating co-conspirators, and substantial written documents. As the evidence of Jeffries' fraudulent tax scheme was overwhelming at the close of jury trial, Jeffries cannot establish that any alleged deficiency by his counsel had any reasonable probability of altering the outcome.

Jeffries next contends that his counsel was ineffective for failing to prepare for sentencing and ineffective during sentencing. In support of the first contention, Jeffries highlights that during the initial sentencing hearing, his counsel admitted that he had not accessed the presentence report until a day before the hearing. While counsel asserted that it was an error related to the Court's electronic filing system, he was admonished by the Court for failing to timely access the document. However, any alleged deficiency related to this conduct was cured when the Court rescheduled sentencing. In that reschedule hearing, the Court inquired as follows:

>   THE COURT: All right. Thank you. And let's turn to the PSI calculation of the guidelines and make sure everyone has all the same materials, has all the information the court has to consider.
>
>   Just by way of review, Mr. Jeffries, did you go over the presentence report that was prepared to assist me in deciding your sentence? Have you gone over and read the presentence report, sir, that was prepared to assist me in deciding your sentence in this matter?
>
>   THE DEFENDANT: Yes.
>
>   THE COURT: Counsel, did you review the report with your client?
>
>   [DEFENSE COUNSEL]: Yes, Your Honor.

Doc. 158 at 7-8.  As such, any alleged deficiency by counsel was remedied through the Court's continuance of the initial hearing.

In his final contention, Jeffries contend that his counsel was ineffective for failing to contest the loss amount and the organizer/leader enhancement utilized by the Court.  However, as there was no legal or factual basis to challenge either finding by the Court, counsel was not deficient in failing to challenge them.  Specifically, while Jeffries claims some form of error in the loss amount used to calculate his guideline, he offers no legal support.  Instead, Jeffries appears to assume that his loss amount and restitution amount must be equal.  However, as the Court properly included relevant conduct in the loss amount calculation, it was larger than the restitution ordered by the Court. The loss calculation itself was fully supported by the evidence presented by the Government and went unchallenged on appeal.  Thus, there is no basis to argue that counsel was ineffective for failing to challenge that amount.  Similarly, the trial record presented overwhelming evidence that Jeffries was the leader/organizer of the conspiracy. As a result, there was no legal or factual basis to challenge this enhancement.

In summary, Jeffries has failed to identify any deficient performance by counsel at any

stage of his proceedings and his motion to vacate is DENIED. Furthermore, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability pursuant to 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

    IT IS SO ORDERED.

| | |
|---|---|
| <u>October 26, 2022</u><br>Date |  <u>/s/*John R. Adams*</u><br>John R. Adams<br>U.S. District Judge |